UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT DELLATORRE | : |
|     Plaintiff, | : |
| v. | :   Case No. 3:18-cv-00860-VLB |
| CIGNA LIFE INSURANCE COMPANY OF NEW YORK | : |
|     Defendants. | : |

## ANSWER

Defendant Cigna Life Insurance Company of New York ("CLICNY") hereby answers Plaintiff's Complaint as follows:

1. Denies each allegation set forth in paragraph 1 of the Complaint as alleged, but admits that CLICNY issued group accidental death insurance policy YOK 980006 ("Policy") to First Niagara Financial Group, Inc., to insure certain benefits under the First Niagara Financial Group Welfare Benefits Plan ("Plan"), and that Plaintiff was eligible to participate in the Plan as long as he met the Plan's terms and conditions. CLICNY refers to the Plan and the Policy (together, "Plan Documents") for their true and complete terms.

2. Denies each allegation set forth in paragraph 2 of the Complaint as alleged, but admits that information contained in the administrative record pertaining to Plaintiff's claim ("Administrative Record") indicates that Scott Dellatorre was a "Covered Person" under the terms of the Plan. CLICNY refers to the Plan Documents and Administrative Record for their true and complete terms, conditions and contents.

18125436-v2

3. Denies each allegation set forth in paragraph 3 of the Complaint as alleged, except admits that information contained in the Administrative Record indicates that Scott Dellatorre died on August 23, 2015 due to acute heroin intoxication. CLICNY refers to the Administrative Record for its true and complete contents.

4. Denies each allegation set forth in paragraph 4 of the Complaint as alleged, but admits that Plaintiff was eligible to participate in the Plan as long as he met the Plan's terms and conditions, and refers to the Plan Documents for their true and complete terms.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint as alleged, but admits that information contained in the Administrative Record indicates that Scott Dellatorre was Plaintiff's son.

6. Denies each allegation in paragraph 6 of the Complaint as alleged, but admits that CLICNY determined that Plaintiff was not eligible for benefits under the Plan. CLICNY refers to the Administrative Record for its true and complete contents.

7. Denies each allegation in paragraph 7 of the Complaint as alleged.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Defendants allege, without assuming any burden of proof that would otherwise rest on Plaintiff, as follows:

### FIRST DEFENSE

Plaintiff's claim is barred because he failed to exhaust administrative remedies, which is a necessary prerequisite to bringing a claim in court.

### SECOND DEFENSE

Plaintiff's claims, if any, against CLICNY arise under ERISA. To the extent Plaintiff's Complaint makes claims or seeks remedies not provided for under ERISA, those claims and remedies are preempted by ERISA.

### THIRD DEFENSE

CLICNY has complied with and performed all of its obligations and duties to Plaintiff under the Plan, and the handling of his claim complied with the Plan, ERISA and all applicable regulations.

### FOURTH DEFENSE

Because the applicable Plan documents designate the CLICNY as a fiduciary with the full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Plan, an arbitrary and capricious standard of review should be applied by the Court in reviewing the claim decisions. The decisions and actions with respect to Plaintiff's claim were neither arbitrary nor capricious but were correct, legitimate, and reasonable.

### FIFTH DEFENSE

Plaintiff is not entitled to a jury trial in this ERISA-governed dispute.

WHEREFORE, CLICNY demands judgment dismissing the Complaint, and awarding such other and further relief as may be deemed just and proper.

Dated: June 27, 2018
     Stamford, Connecticut

           DEFENDANT,
           CIGNA LIFE INSURANCE
           COMPANY OF NEW YORK

           By: */s/ Patrick W. Begos*
               Patrick W. Begos (ct19090)
               Gregory J. Bennici (ct29698)
               ROBINSON & COLE LLP
               1055 Washington Boulevard
               Stamford, CT 06901
               Tel. No.: (203) 462-7500
               Fax No.: (203) 462-7599
               E-mail: pbegos@rc.com
               E-mail: gbennici@rc.com

## CERTIFICATION

I hereby certify that on June 27, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                              /s/ *Gregory J. Bennici*
                                                              Gregory J. Bennici